# Supreme Court of Florida

---

No. SC2024-0031

---

**IN RE: AMENDMENTS TO RULES REGULATING THE FLORIDA BAR – CHAPTER 6.**

April 18, 2024

PER CURIAM.

The Florida Bar has filed a petition proposing amendments to Rules Regulating The Florida Bar 6-3.14 (Sunset of Certification Areas), 6-10.2 (Administration), 6-10.4 (Reporting Requirements), 6-12.1 (Basic Skills Course Requirement), 6-12.2 (Administration), 6-12.5 (Noncompliance and Sanctions), 6-12.6 (Reinstatement), 6-12.7 (Confidentiality), and 6-12.8 (Disciplinary Action).[1]

The Florida Bar's Board of Governors approved the proposed amendments, and the Bar published them for comment. No comments were received.

---

1. We have jurisdiction. *See* art. V, § 15, Fla. Const.; *see also* R. Regulating Fla. Bar 1-12.1.

Having considered the Bar's petition, we amend the Rules Regulating The Florida Bar, as proposed by the Bar. Among other things, the amendments reflect current reporting requirements and legal specialization processes. They also allow for the extension of basic skills course and continuing legal education requirements reporting cycles when certain major events, including national disasters, extreme weather, pandemics, wars, political unrest, or government mandates and regulations, hinder the timely completion of those requirements. Grammatical changes are also made to improve clarity and promote consistency throughout the rules.

Accordingly, the Rules Regulating The Florida Bar are amended as reflected in the appendix to this opinion. New language is indicated by underscoring; deletions are indicated by struck-through type. The amendments shall become effective June 17, 2024.

It is so ordered.

MUÑIZ, C.J., and CANADY, LABARGA, COURIEL, GROSSHANS, FRANCIS, and SASSO, JJ., concur.

THE FILING OF A MOTION FOR REHEARING SHALL NOT ALTER THE EFFECTIVE DATE OF THESE AMENDMENTS.

Original Proceeding – Florida Rules Regulating The Florida Bar

Joshua E. Doyle, Executive Director, F. Scott Westheimer, President, Roland Sanchez-Medina, Jr., President-elect, Rosalyn Sia Baker-Barnes, President-elect Designate, and Elizabeth Clark Tarbert, Division Director, Lawyer Regulation, The Florida Bar, Tallahassee, Florida,

    for Petitioner

**APPENDIX**

## RULE 6-3.14.  SUNSET OF CERTIFICATION AREAS

If any certification committee has not received an initial certification application for 5 consecutive years, the Board of Legal Specialization and Education will petition the Supreme Court of Florida to close the certification area to initial applicants.  The recertification standards of the certification area will remain in effect.  When the Board of Legal Specialization and Education determines there have been no new initial certification applications for 5 consecutive years, the bar will post a notice on its website that no new applications will be accepted until the Supreme Court of Florida determines whether to close the certification area to initial applicants.  The bar will then accept no new applicants for that area until the court makes its determination.

## RULE 6-10.2.  ADMINISTRATION

(a)  **Board of Legal Specialization and Education.**  The board of legal specialization and education shall administers the continuing legal education requirements as herein provided in this rule.  Any member affected by an adverse decision of the board of legal specialization and education may appeal as provided in rule 6-10.5.

(b)  **Delegation of Authority.**  The board of legal specialization and education may delegate to the staff of The Florida Bar any responsibility set forth hereinin this rule, except that of granting a waiver or exemption from continuing legal education requirements.

(c)  **Scope of Board of Legal Specialization and Education Activities.**  The board of legal specialization and education shall cooperates with and answers inquiries from staff pertaining toon continuing legal education requirements and makes recommendations to the board of governors concerningon continuing legal education requirements, including but not limited to:

(1)  approved education courses;

(2)  approved alternative education methods;

(3)  number of credit hours' ~~credit~~ to be allowed for ~~various~~ education efforts;

(4)  established educational standards for satisfaction and completion of approved courses;

(5)  additional areas of education ~~and/~~or practice approved for credit under continuing legal education requirements;

(6)  modification or expansion of continuing legal education requirements;

(7)  adoption of additional standards or regulations ~~pertaining to~~for continuing legal education requirements;

(8)  amount of reporting or delinquency fees; and

(9)  general administration of continuing legal education requirements.

**(d)  Maintenance of Records.**  The Florida Bar ~~shall~~ maintains a record of each member's compliance with continuing legal education requirements.

**(e)  Extensions.**  The board of legal specialization and education may adjust the time for completion for continuing legal education requirements on the executive director or board of governors' request for good cause shown, which may include, but is not limited to:

(1)  national or regional emergency;

(2)  flood, fire, hurricane, extended extreme weather, or explosion;

(3)  disease, epidemic, pandemic, or quarantine;

(4)  war, invasion, or terrorist threats or acts;

(5) extended riots, protest, civil unrest, civil strife, or political unrest; or

(6) local, state, federal, or foreign government recommendation, regulation, mandate, order, law, statute, or advisory.

Requests for extensions from individual members will not be considered.

## RULE 6-10.4. REPORTING REQUIREMENTS

**(a) ~~Reports~~ Required Reporting.** Each member ~~except those exempt under rule 6-10.3(c)~~ must ~~file a~~ report ~~showing~~ compliance ~~or noncompliance~~ with the continuing legal education requirement in the form prescribed by the board of legal specialization and education unless exempt under these rules. ~~Members must apply for and receive approval by the bar of an exemption from compliance and reporting of continuing legal education under subdivisions (c)(1) through (c)(3) of rule 6-10.3. Members described in subdivisions (c)(4) through (c)(6) of rule 6-10.3 are automatically exempt from compliance and reporting of continuing legal education~~.

**(b) Time for Filing.** ~~The report must be filed~~Each member must report required credit hours with The Florida Bar no later than the last day of the member's applicable reporting period as assigned by The Florida Bar.

## RULE 6-12.1. BASIC SKILLS COURSE REQUIREMENT

**(a) Preamble.** It is of primary importance to the public and to the members of The Florida Bar that ~~attorneys~~lawyers begin their legal careers with a thorough and practical understanding of the law. To accomplish that objective, each Florida Bar member ~~of The Florida Bar (hereinafter referred to as "member") shall~~must comply with the basic skills course requirement ~~(hereinafter BSCR)~~ through the completion of continuing legal education ~~programs~~courses developed and presented by ~~the~~The Florida Bar Young Lawyers Division ~~of The Florida Bar (hereinafter YLD)~~. ~~Oversight of member~~

~~compliance with this rule shall be the responsibility of the~~The board of legal specialization and education ~~(hereinafter BLSE.)~~is responsible for oversight of Florida Bar member compliance with this subchapter.

**(b) Applicability.** Every member admitted to The Florida Bar after October 1, 1988, ~~shall~~must comply with the ~~BSCR~~basic skills course requirement.

**RULE 6-12.2.   ADMINISTRATION**

**(a)  Responsibility.**  The ~~YLD shall be responsible for the planning, content, and presentation of programs for BSCR compliance~~Young Lawyers Division plans the content and presents basic skills courses.  The ~~YLD shall also~~Young Lawyers Division establish~~es~~ minimum quality standards for the Practicing with Professionalism ~~program~~course, ~~to~~which must include instruction on discipline, ethics, professionalism, and responsibility to the public.  The ~~BLSE shall~~board of legal specialization and education oversee~~s~~ member compliance with ~~BSCR~~the basic skills course requirement and adopts necessary implementation policies ~~necessary for implementation.  Such policies shall be~~subject to approval by the board of governors.

**(b)  Delegation of Authority.**  The ~~BLSE~~board of legal specialization and education may delegate to ~~the~~Florida Bar staff ~~of The Florida Bar~~ any responsibility ~~set forth herein~~in this subchapter, except ~~that of~~denying a waiver or exemption from ~~BSCR~~the basic skills course requirement.

**(c)  ~~Waiver~~Extensions.**  ~~On special application and for good cause shown, the BLSE~~The board of legal specialization and education may adjust the time for completion~~, may waive compliance, or accept a substitute program,~~ for ~~either component of BSCR~~the basic skills course requirements on the executive director or board of governors' request for good cause shown, which may include, but is not limited to:

(1)  national or regional emergency;

(2)  flood, fire, hurricane, extreme weather, or explosion;

(3)  disease, epidemic, pandemic, or quarantine;

(4)  war, invasion, or terrorist threats or acts;

(5)  extended riots, protest, civil unrest, civil strife, or political unrest; or

(6)  local, state, federal, or foreign government recommendation, regulation, mandate, order, law, statute, or advisory.

**(d)  Maintenance of Records.**  The Florida Bar ~~shall~~will maintain a record of each Florida Bar member's compliance with ~~BSCR~~the basic skills course requirement.

**RULE 6-12.5.  NONCOMPLIANCE AND SANCTIONS**

**(a)  Notice of Noncompliance.**  If a Florida Bar member fails to comply with this rule, the member ~~shall be~~is deemed delinquent as provided elsewhere in the Rules Regulating The Florida Bar.  The ~~BLSE shall~~Florida Bar must promptly send a notice of noncompliance to ~~such~~the noncompliant member.

**(b)  Appeal to the Board of Governors.**  A delinquent member ~~shall have the right to~~may appeal the delinquency determination to the board of governors under ~~such~~ rules and ~~regulations as it may prescribe~~procedures the board of governors prescribes.

**(c)  Appeal to the Supreme Court of Florida.**  A delinquent member ~~shall have the right to~~may appeal the board of governors' determination ~~of the board of governors~~ to the Supreme Court of Florida under ~~such~~ rules and regulations ~~as it may prescribe~~the court prescribes.

**(d)  [No change]**

**(e)  Tolling Time.**  An appeal ~~shall~~ tolls the determination of noncompliance and resulting delinquency until ~~such time as~~ all appeals have been completed or the time for ~~taking same~~appeal has expired.

**RULE 6-12.6.  REINSTATEMENT**

Any member delinquent in completion of the ~~BSCR~~basic skills course requirement may be reinstated by the executive director or board of governors ~~upon a~~the delinquent member showing ~~of~~ compliance with the ~~BSCR~~basic skills course requirement and payment of a uniform reinstatement fee~~, as established~~ set by the board of governors.

**RULE 6-12.7.  CONFIDENTIALITY**

The files and records maintained regarding appeals and hearings conducted under this rule ~~and any hearings in connection therewith shall be~~are confidential until ~~such~~the time ~~as~~for the appeals process has ~~concluded~~ended.  If a member is deemed delinquent ~~pursuant to~~under this rule, that fact ~~shall be~~is public information.

**RULE 6-12.8.  DISCIPLINARY ACTION**

The ~~BLSE~~board of legal specialization and education may refer a Florida Bar member who makes a misrepresentation of a material fact concerning the ~~BSCR~~basic skills course requirement for disciplinary investigation as provided elsewhere in these Rules Regulating The Florida Bar.